UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE STARK,<br><br>         Plaintiff,<br><br>v.<br><br>FUSION CONSULTING SERVICES #2, LLC,<br><br>         Defendant. | Case No.: 19-CV-1897-CAB-WVG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 9] |

  Martin S. Heinman, a non-lawyer who represents that he is somehow affiliated with Defendant Fusion Consulting Services #2, LLC ("Fusion"), has filed a request for appointment of counsel in this case. Because Heinman himself is not a party to this case, he does not need counsel personally. As for Fusion, "there is no absolute right to counsel in civil proceedings," *Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994), and regardless, "there is no authority allowing this court to appoint counsel for a corporation in a civil matter." *TI Beverage Grp. Ltd. v. S.C. Cramele Recas SA*, No. LA CV 06-07793-VBF, 2014 WL 1795042, at *9 (C.D. Cal. Apr. 1, 2014) (citations omitted); *see also Int'l Underwater Dive & Expls. LLC v. Boart Longyear Co.*, No. C16-1831-RAJ, 2017 WL 951073, at *1 (W.D. Wash. Mar. 10, 2017) ("The Court . . . lacks authority to

appoint counsel to represent a corporation."). Accordingly, the request for appointment of counsel is **DENIED**.[1]

It is **SO ORDERED**.

Dated: November 4, 2019

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Fusion may only appear in this case through counsel. Failure to appear through counsel may result in a default judgment being entered against Fusion (but not against Heinman individually because he is not a named party). However, to obtain a default judgment against Fusion, the complaint must in fact state a claim against Fusion, and Plaintiff must prove that she suffered damages as a result of any claims adequately pled in the complaint. *See DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007) (affirming district court's refusal to enter default judgment on claims not adequately pled in the complaint); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) ("Plaintiff is required to prove all damages sought in the complaint."); *see also Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing the factors to be considered on a motion for default judgment).

2

19-CV-1897-CAB-WVG