UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE STARK,<br><br>                    Plaintiff,<br><br>v.<br><br>FUSION CONSULTING SERVICES #2, LLC,<br><br>                    Defendant. | Case No.:  19-CV-1897-CAB-WVG<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ENTERING JUDGMENT IN FAVOR OF PLAINTIFF**<br><br>[Doc. No. 15] |

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Fusion Consulting Services #2 ("Fusion"). Upon consideration of the pleadings, the motion, and Fusion's failure to appear in this case or adequately respond to Plaintiff's Complaint, this Motion is granted in the modified amount of $15,010 in statutory damages, along with the requested injunctive relief.

**I.     BACKGROUND**

This action arises out of a series of calls placed by Fusion in late September 2019. According to the complaint, Plaintiff's cellphone number has been registered on the national Do Not Call ("DNC") registry, which was established by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, since February 13, 2007. [Doc. No. 1 ¶ 56.][1] In spite of this registration, Plaintiff alleges that Fusion called her multiple times

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

throughout 2019. Fusion first contacted Plaintiff on or about June 30, 2019, at which point Plaintiff told Fusion to stop calling her. [Doc. No. 1, ¶ 42.] Fusion started calling her again on September 26, 2019, trying to "sell Plaintiff merchant credit card processing" services and continued to call her, sometimes more than once a day, until September 30. [Doc. No. 1, ¶¶ 10, 15, 23-31, 42.] In total, Plaintiff alleges ten phone calls placed by Fusion during the month of September 2019.

On October 1, 2019, Plaintiff filed the complaint against Fusion alleging that each of the ten calls Fusion made to Plaintiff during the month of September violated subsections 227(b)(1)(A) and (c)(5) of the TCPA and also violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7. Plaintiff served Fusion with the complaint and summons on October 7, 2019. [Doc. No. 3.] Because Fusion failed to respond to the complaint in accordance with local rules, the Clerk entered a default by Fusion on October 30, 2019. Plaintiff now moves for default judgment.

## II.   DISCUSSION

In light of Fusion's failure to respond to the complaint, all well-pleaded factual allegations, aside from those relating to the amount of damages are taken as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 8 F.2d 915, 917-18 (9th Cir. 1987); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

It is within the Court's discretion to enter default judgment following entry of default by the Clerk. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has identified several factors for district courts to consider before entering default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471-72.  All of these factors weigh in favor of granting Plaintiff's motion for default judgment against Fusion.

### A. The Possibility of Prejudice to Plaintiff

While default judgment is ordinarily disfavored, the possibility of prejudice to the Plaintiff weighs in favor of granting default judgment if denying Plaintiff's motion would leave her without recourse for recovery. *Eitel*, 782 F.2d at 1472; *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Plaintiff contends that Fusion's conduct injured her by invading her privacy and that these calls violated sections of the TCPA and CIPA. [Doc. No. 1, ¶ 74.] Fusion has not appeared and has not adequately responded to Plaintiff's complaint. Thus, Plaintiff is left without any other means of recovery and would suffer prejudice if her motion for default judgment is not granted.

### B. Merits of Plaintiff's Claims and Sufficiency of the Complaint

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." *TeleVideo*, 8 F.2d at 917-18; *Geddes*, 559 F.2d at 560. This court must evaluate the sufficiency of Plaintiff's complaint to ensure she has adequately established a claim to relief. A well-pleaded complaint is one that "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

#### 1. 47 U.S.C. § 227(b) ATDS Claim

Plaintiff seeks recovery under § 227(b)(3) for each of the ten calls she claims were in violation of § 227(b)(1). To state a claim for violation of § 227(b)(1), Plaintiff must show that "(1) the defendant called [her] cellular telephone number; (2) using an automatic telephone dialing system; (3) without [her] prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)).

Plaintiff alleges that Fusion used a "Vicidial" ATDS system to make the ten calls to her cellphone and describes the "robotic voice" that initiated the calls she answered. [Doc. No. 1, ¶¶ 15, 78.] She asserts that she "had no prior business relationship with Fusion," and

that these calls were for telemarketing purposes, factors which suggest Fusion used an automated dialer. [Doc. No. 1, ¶ 74.] Plaintiff also alleges that "at no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendant or its agents." [Doc. No. 1, ¶ 55.] These allegations, taken together, meet the minimum pleading standard to state a claim for violation of section 227(b)(1). *See generally Hoagland v. Axos Bank*, No. 19-cv-00750-BAS-JLB, 2020 U.S. Dist. LEXIS 20543 at *8 (S.D. Cal. Feb. 6, 2020) (finding that Plaintiff "clearly alleges texts were made via an ATDS" because Plaintiff alleged the kind of system used and described the impersonal and seemingly automated content of the texts).

## 2.  47 U.S.C. § 227(c) DNC Registered Phone Claim

Plaintiff seeks additional damages for the same ten calls on the grounds that the calls also violated § 227(c)(5). To state a claim under the § 227(c), Plaintiff must show that she (1) "received more than one telephone call within any 12-month period" (2) that the call was made by Defendant, (3) and that Defendant was in violation of the regulations prescribed under § 227(c)(5). 47 U.S.C.§ 227(c)(5); *see also Ewing v. Senior Life Planning, LLC*, No. 19-CV-1005-BAS-LL, 2019 WL 4573703 at *4. The relevant regulations are governed by 47 C.F.R. § 64.1200 and include a provision that prohibits calling a DNC registered phone. Plaintiff alleges that she registered her phone on the national DNC registry on February 13, 2007 [Doc. No.1, ¶ 56], that all of Fusion's calls to Plaintiff were made after that date, and that the calls were made within a 12-month period. [Doc. No. 1, ¶¶ 23-31, 42.] Taking the facts alleged as true, Plaintiff has adequately alleged that Fusion violated TCPA § 227 (c)(5).[2]

---

[2] Having reached this conclusion, the Court need not address whether the complaint also adequately alleges violations of § 227(c)(5) based on Fusion's alleged failure to maintain a do-not-call list, its failure to provide this list upon demand, and its calls to Plaintiff before 8AM.

### 3. CIPA Violations

Plaintiff also seeks recovery for each of the ten calls on the grounds that Fusion recorded the calls in violation of CIPA. Section 632.7 of CIPA imposes liability on anyone who, "without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone...." Cal. Penal Code § 632.7(a). Thus, to recover under CIPA, the complaint must adequately allege facts that, taken as true, establish that Fusion (1) intentionally recorded a communication with Plaintiff on Plaintiff's cell phone (2) without Plaintiff's consent.

To support her claim that the calls were recorded, Plaintiff alleges that Martin Heiman, the owner of Fusion and the individual who allegedly made the calls on Fusion's behalf, admitted to her "that all calls that [Heiman] made and that his company made to Stark were recorded." [Doc. No. 1, ¶¶ 21, 65.] However, the complaint only alleges that Plaintiff answered two of the ten calls—a call on September 26 and the call with Heiman on September 30 where he allegedly admitted to recording the call. [Doc. No. 1, ¶¶ 31, 42, 65.] For the calls that Plaintiff did not answer, there could not have been any communication for Fusion to record in violation of CIPA. Because Plaintiff has only sufficiently alleged that Fusion recorded two conversations instead of ten, the complaint only states a claim for two violations of CIPA.

### C. The Sum of Money at Stake

Courts "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc*, 238 F. Supp. 2d at 1176. Plaintiff requests this Court award $80,000 in damages as well as injunctive relief preventing Fusion from calling Plaintiff again. For reasons discussed below, the Court will award a lower amount of $15,010. The sum at stake is not too large, and injunctive relief is not unreasonable; thus, the amount at stake weighs in favor of granting default judgment. *See 911 Restoration*

*Franchise, Inc. v. Blakeney*, No. CV 15-629-R, 2015 WL 12698290 at *2 (C.D. Cal. Sept. 22, 2015) (holding that Plaintiff's request for $2,000,000 in damages and $15,663.50 in attorney's fees "when balanced against Defendant's actions" was "not too large and unreasonable so as to preclude the entry of default judgment."); *see also PepsiCo, Inc*, 238 F. Supp. 2d at 1177 ("[Plaintiffs] seek only injunctive relief from the continued use of their trademarks on Defendant's counterfeit products. Accordingly, this factor favors granting default judgment.").

### D. The Possibility of a Dispute Over Material Facts

Upon entry of default, all well-pleaded factual allegations are taken as true, except those relating to damages. *TeleVideo*, 8 F.2d at 917-18; *Geddes*, 559 F.2d at 560. Fusion has "made no attempt to challenge the accuracy of the allegations in the complaint." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). For these reasons, this factor weighs in favor of granting default judgment.

### E. Whether Default Was Due to Excusable Neglect

Plaintiff properly served Fusion with the summons and complaint. Fusion made multiple attempts to respond to Plaintiff's complaint without counsel, and despite being informed that, as an entity, it could not appear pro se, never properly appeared in this action. [Doc. Nos. 5, 6, 11, 12.] Plaintiff also claims that both parties attempted a settlement agreement, but that those negotiations fell through. [Doc. No. 14, p. 4.] Accordingly, it appears that Fusion was aware of the complaint and made a purposeful decision not to respond. This factor weighs in favor of default judgment.

### F. Whether Procedural Policy Favors a Decision on the Merits

"Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 177. Here, Fusion has failed multiple times to properly answer or otherwise respond to the complaint, but this does not preclude the Court from entering default judgment against it. *Id.*

In light of the above, Plaintiff is entitled to default judgment against Fusion.

### III. RELIEF SOUGHT

Plaintiff asks the Court to enter judgment against Fusion for $8,000 for each of the ten calls, consisting of $1,500 per call for willful and knowing violation of TCPA section 227(b)(1), $1,500 per call for willful and knowing violation of TCPA section 227(c)(g), and $5,000 per call for violation of CIPA.

#### A. Statutory Damages Under the TCPA

##### 1. 47 U.S.C. § 227(b)(3)

Plaintiff requests an award of statutory damages for each violation under 47 U.S.C. § 227. [Doc. No. 1, pp. 21-23.] Section 227(b)(3) provides for statutory damages of $500 per violation. As discussed above, the complaint states a claim that each of Fusion's ten calls to Plaintiff's cell phone violated section 227(b)(1). Accordingly, Plaintiff is entitled to statutory damages of $5,000 for Fusion's violations of section 227(b)(1).

##### 2. 47 U.S.C. § 227(c)(5)

Plaintiff requests an award of additional damages under the TCPA for each of the ten calls on the grounds that the calls also violated section 227(c)(5). Section 227(c)(5) provides for "up to $500 in damages for each such violation." As discussed above, the complaint adequately states a claim that each of Fusion's ten calls also violated section 227(c)(5). Unlike section 227(b)(3), however, section 227(c)(5)(B) gives the Court discretion to award "*up to* $500" in damages if a plaintiff has not established actual damages that amount to greater than $500. 47 U.S.C. § 227(c)(5) (*emphasis* added); *see also Charvat v. NMP, LCC*, No. 2:09-CV-209, 2012 WL 4482945 at *2 (S.D. Ohio Sept. 27, 2012) (holding that the statutory language in § 227(c) is "worded slightly differently from the [damages provision] which accompanies § 227(b)(1)(B)" and "sets no floor for statutory damages.").

Having already awarded Plaintiff $500 per call based on the violations of section 227(b)(1), and in the absence of any evidence of actual injury to Plaintiff, the Court declines to award Plaintiff a windfall here. It was the calls themselves, not the specific violations of the TCPA, that caused any injury to Plaintiff here. Thus, the $500 awarded

based on the violations of section 227(b)(1) adequately compensates Plaintiff for her injuries. Accordingly, the Court will award Plaintiff nominal damages of $1 per call, for a total of $10, for the violations of section 227(c)(5).

## B. Enhanced Damages Under 47 U.S.C. § 227

Plaintiff also asks the Court to award treble damages of $1,500 for each of Fusion's ten § 227(b)(3) violations and another $1,500 for each of the ten § 227(c)(5) violations. The TCPA gives the Court discretion to award "enhanced" damages of up to three times the statutory amount for each type of violation where it finds that "the defendant willfully or knowingly violated the regulations prescribed under" each of the two subsections. 47 U.S.C. §§ 227(b)(3), (c)(5). However, to obtain these enhanced damages, the allegations in the complaint, taken as true, must demonstrate that Fusion's conduct was willful or knowing. Plaintiff's only allegation supporting her assertion that Fusion acted willfully or knowingly when it called Plaintiff's cellphone is a vague assertion that Fusion has been sued in the past. The complaint, however, does not provide any details regarding Fusion's past lawsuits other than that they were for TCPA violations [Doc. No. 1, ¶ 35], and Plaintiff provides no additional information with her motion. Without more detail as to what specific TCPA violations Defendant was sued for in the past, Plaintiff has not sufficiently alleged that Fusion acted knowingly or willfully when it called Plaintiff's cellphone. *See Ewing*, 2019 WL 4573703 at *7 (holding that although Plaintiff claimed that Defendant had two pending civil lawsuits, Plaintiff did not provide much detail about the nature of the lawsuits nor when they were filed and therefore did not establish Defendant's willful or knowing conduct). Accordingly, the Court declines to award enhanced damages for the TCPA violations alleged in the complaint.

## C. CIPA violations

California Penal Code § 637.2 entitles a plaintiff to recover $5,000 per illegally recorded telephone communication. As discussed above, Plaintiff has sufficiently alleged that Fusion recorded two conversations without Plaintiff's consent in violation of Cal.

Penal Code § 632.7. Accordingly, Plaintiff is entitled to an award of $10,000 ($5,000 per violation) for the CIPA violations alleged in the complaint.

### D. Injunctive Relief

Plaintiff has asked this court to enter an injunction against Fusion preventing it from calling Plaintiff's cellphone for telemarketing purposes in the future. "[T]he TCPA authorizes private actions for injunctive relief and/or damages. . . ." *Drew v. Lexington Consumer Advocacy, LLC*, No. 16-CV-00200-LB, 2016 WL 1559717 at *10 (N.D. Cal. Apr. 18, 2016). Because the TCPA explicitly allows injunctive relief to be awarded in addition to monetary damages and since Plaintiff has sufficiently stated a claim upon which relief can be granted, this Court finds that injunctive relief is appropriate.

### IV. DISPOSITION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion for default judgment is **GRANTED**. It is further ordered that the Clerk of the Court shall enter **JUDGMENT** in favor of Plaintiff against Defendant for $15,010, and enjoining Defendant from contacting Plaintiff's cellphone for telemarketing purposes.

It is **SO ORDERED**.

Dated: July 9, 2020

Hon. Cathy Ann Bencivengo
United States District Judge